UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN T. MATTHAEI,<br><br>Defendant. | Case No. 1:19-cr-00243-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Kevin Matthaei's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c). Dkt. 32. The Government opposes the motion. Dkt. 35. For the reasons that follow the Court will deny the motion.

## BACKGROUND

Matthaei pled guilty to, and was convicted of, social security fraud, in violation of 42 U.S.C. § 1383a(a)(3). On February 18, 2020, the Court sentenced him to serve 12 months and a day imprisonment. Dkt. 26. Matthaei was also ordered to repay $123,827.29, the amount he obtained as a result of his fraud. *Id.* Matthaei was arraigned on August 21, 2019 and released on pretrial supervision at that time. Dkt. 12. To-date Matthaei has served no time in prison.

**MEMORANDUM DECISION AND ORDER - 1**

Matthaei is 50 years old. He suffers from Avascular Necrosis, heart issues and high blood pressure, stomach problems, gout, and COPD. *PSR* ¶ 37, Dkt. 21. Matthaei's medical records show that his COPD worsened in August 2019. Dkt. 33. His medical records also note that he is a heavy smoker and declined information about tobacco cessation. *Id.*

Matthaei was scheduled to self-surrender to FCI Sheridan on March 18, 2020. On March 16, 2020 the Court granted Matthaei's motion to extend his self-surrender deadline 90 days due to concerns about impacts of COVID-19 to Matthaei's health. Dkt. 30. On May 28, 2020 the Court granted Matthaei a 30-day extension of his self-surrender deadline to allow briefing on the current motion. Matthaei is now scheduled to self-surrender by July 10, 2020.

The Government opposes Matthaei's motion for compassionate release, but does not oppose a further extension of his self-surrender deadline.

## LEGAL STANDARD

Matthaei brings this motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). A motion for compassionate release may be made by either the Director of the Bureau of Prisons or by a defendant who has fully exhausted administrative remedies within the Bureau of Prisons (BOP). In order to modify a sentence and grant compassionate release, a district court must engage in a three-

step process. First, it must consider the 18 U.S.C. § 3553(a) factors. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has determined that "extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. *See* USSG § 1B1.13. Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See 18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

It is unclear whether § 3582(c)(1)(A) is even applicable to a defendant who is not in custody. *See United States v. Nazer*, 2020 WL 2197840, at *1 (N.D. Ill. May 6, 2020). However, because the Court will deny the motion on the merits it need not reach this issue.

Matthaei was released on his own recognizance pending sentencing and it is not disputed that he does not pose a danger to the community.

Nothing has changed with regard to the § 3553(a) factors since the Court

**MEMORANDUM DECISION AND ORDER - 3**

sentenced Matthaei in February. The Court imposed a sentence within the guidelines after considering the § 3553(a) factors. To-date Matthaei has not served a day in prison. It would do a disservice to the criminal justice system to allow a defendant to effectively escape his prison sentence in its entirety.

However, Matthaei's serious health conditions, specifically his COPD, are an extraordinary and compelling reason in light of the ongoing Coronavirus pandemic. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed June 12, 2020). The Bureau of Prisons has modified its operations to reduce the risk of spread of the coronavirus. https://www.bop.gov/coronavirus/covid19_status.jsp (last accessed June 12, 2020). These modifications include screening inmates and staff, and suspending visits and inmate movement. FCI Sheridan has reported no positive coronavirus cases. https://www.bop.gov/coronavirus/ (last accessed June 12, 2020).

This is not a case where the defendant has served even a portion of his prison sentence and is now seeking compassionate release. Instead, Matthaei is essentially seeking to avoid any prison sentence. Therefore, the Court will deny his motion for compassionate release.

The Court has twice continued Mr. Matthaei's self-surrender deadline due to

**MEMORANDUM DECISION AND ORDER - 4**

concerns about the Coronavirus. While the rate of infection in Idaho has slowed since Matthaei's original self-surrender deadline was extended, there is still active community spread of the virus in Ada County where Matthaei resides. *See* https://coronavirus.idaho.gov/ (last accessed June 12, 2020). Further, there is no indication that the risk of becoming infected due to community transmission will end even with another 90-day continuance. Therefore, the Court will deny any further continuance of Matthaei's self-surrender deadline.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for Reduction of Sentence (Dkt. 32) is **DENIED**.

2. Defendant's Motion to file Overlength Brief (Dkt. 31) is **GRANTED**.

DATED: June 16, 2020

B. Lynn Winmill
U.S. District Court Judge